UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DENNIS JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00288-JRS-DLP |
| | ) | |
| WATSON, Warden, USP Terre Haute, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Federal Bureau of Prisons inmate Dennis Jones petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a disciplinary sanction imposed on August 30, 2017, at the United States Penitentiary in Tucson, Arizona, in prison disciplinary case number 3005729. For the reasons explained in this Order, Mr. Jones's petition is **denied**.

**A.     Overview**

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to § 2241. *See Smith v. Bezy*, 141 F. App'x 479, 481 (7th Cir. 2005). In a prison disciplinary proceeding, the due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

Mr. Jones is currently confined at the United States Penitentiary II in Coleman, Florida. The conduct giving rise to the challenged discipline occurred while Mr. Jones was confined in Tucson. This action was filed while Mr. Davis was confined at the United States Penitentiary in Terre Haute, Indiana. The following chronology is taken from the declaration of Bureau of Prisons Disciplinary Hearing Officer C. Cole, dkt. 12-1, and the administrative record of the hearing and appeals, dkts. 12-2, 12-3, & 12-4.

On July 3, 2017, a staff member at USP Tucson intercepted an outgoing envelope mailed by Mr. Jones. The envelope contained a homemade greeting card which concealed two documents: a letter offering to pay $300 for each page of paper soaked in a liquid designer drug that was mailed to the prison, and a note with specific mailing instructions and a code for use by the senders. Subsequent investigation into Mr. Jones's telephone and email records revealed several conversations made to further the drug trafficking.

Mr. Jones was charged in a prison disciplinary proceeding with (1) using of the mail for criminal activity and (2) attempted introduction of contraband, violations of the Bureau of Prison's Prohibited Act Code § 196 and 111A, respectively. A. Gallion, a Special Investigative Services Technician, wrote the incident report bringing the charges. Dkt. 12-4 at 7. Lieutenant D. Eastwood notified Mr. Jones of the charges when he gave Mr. Jones a copy of the incident report. Mr. Jones acknowledged that he understood his rights and he declined to give a statement.

The Unit Discipline Committee referred the charges to a Disciplinary Hearing Officer (DHO) for adjudication. Counselor S. Smith advised Mr. Jones of the rights he would have during the DHO hearing, and Mr. Jones signed a statement acknowledging his rights. He did not ask for witnesses but asked for a staff representative. Correctional Officer J. Medina acted as Mr. Jones's

staff representative for the hearing. The disciplinary hearing was held August 30, 2017, before DHO J. Ciufo.

The DHO wrote into the record that Mr. Jones admitted to the offenses by saying, "I did write the letter and hid the note because of the code. I did this to get money . . . ." Dkt. 12-4 at 1, § III.B. (In this habeas corpus action, Mr. Jones contends he did not make that statement. Dkt. 2.) DHO Ciufo considered the incident report, the investigating officer's statements contained in the incident report, and Mr. Jones's alleged admission and found Mr. Jones guilty of both charged offenses. Dkt. 12-4 at 2-4. The sanctions imposed included 41 days of good conduct time for each offense. *Id.* at 3, § VI.

Mr. Jones then pursued his administrative remedy appeals. The disciplinary conviction for using the mail for criminal activity (Code 196) was expunged by the Regional Director. Dkt. 1-1 at 7. The conviction and sanction for the attempted introduction of contraband (Code 111A) was affirmed at each level of the appeals process. *Id.* at 7, 10. Mr. Jones then filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**C.     Analysis**

Mr. Jones brings four grounds for habeas corpus relief which the Court addresses in turn.

**1.     Impartiality of the DHO**

Mr. Jones first challenges the impartiality of the hearing officer. Dkt. 2 at 5. He contends that during the disciplinary hearing the DHO refused to consider a sample of his handwriting and compare it to the handwriting in the confiscated mail. *Id.* at 7. Mr. Jones argues his handwriting sample was exculpatory evidence that the DHO refused to consider. *Id.* The DHO allegedly told Mr. Jones, "I've already seen everything I need to see, there's nothing you can show me that is going to change my mind." Mr. Jones also wanted the mail evidence, or copies of the letters,

produced at the hearing and argues that the failure to present the evidence at the hearing abridged his right to present a defense. *Id.* Finally, Mr. Jones contends he did not make a statement at the hearing admitting to the offenses, and that the DHO fabricated the statement. *Id.* Each of these actions demonstrates, Mr. Jones argues, that the DHO was not fair and impartial. The only evidence Mr. Jones provides to support these assertions is his affidavit. Dkt. 3 at ¶¶ 6 & 7.[1]

A prisoner in a discipline hearing has a due process right to an impartial decision maker. *Hill*, 472 U.S. at 454; *Wolff*, 418 U.S. at 563-67. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the prison. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

The DHO in Mr. Jones's matter is entitled to a presumption of honesty and integrity, and to find otherwise requires clear evidence. There is no evidence that the hearing officer was

---

[1] In attachments to his reply, Mr. Jones submits the affidavit of a Bureau of Prisons inmate at the USP Tucson. Dkt. 15-1 at 2-4. The inmate alleges a conspiracy between the DHO and a BOP investigator to tamper with an investigation, unrelated to this action, and to have inmates transferred to other facilities. *Id.* The apparent purpose of the affidavit is to support Mr. Jones's attack on the character of the DHO. Given the legal standard to make a clear showing of partiality, the DHO's character is not, under the circumstances here, an issue relevant to the question of the DHO's impartiality.

involved in the investigation of Mr. Jones's conduct. The purported statement of the DHO, that she did not need to see anything else and would not change her mind, is supported solely by Mr. Jones's affidavit. There is no context to the alleged statement, such as whether it was uttered at the beginning or conclusion of the hearing, a context which could be important if there were clear evidence the statement was made.

Mr. Jones contends the DHO fabricated the finding that he had admitted to the violations of the prohibited Acts Code. Again, the contention is supported solely with Mr. Jones's affidavit, and there is no context to the statement such as whether the DHO was referring to Mr. Jones's emails or telephone calls. But even excluding the questionable admission, there is "some evidence" to support the DHO's decision. Thus if she was mistaken, in light of the "some evidence" standard, the mistake was harmless. *See Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011) (applying harmless error to prison disciplinary proceedings).

Lastly, the DHO's alleged refusal to allow Mr. Jones to submit evidence of his handwriting for comparison to the handwriting in the confiscated letters was not improper. The DHO's act of declining a request to perform an on-the-spot layman's handwriting analysis exercise was not so unreasonable as to demonstrate bias at the constitutional level. *Cf. United States v. Rosario*, 118 F.3d 160, 168 (3d Cir. 1997) (Nygaard, J., dissenting (observing that "handwriting analysis is at best an inexact science, and at worst mere speculation")).[2]

Given the legal standard that Mr. Jones must meet – demonstrate bias or partiality by clear evidence, *see Piggie*, 342 F.3d at 666 – the Court cannot find merit in this ground for relief. Habeas corpus relief on Mr. Jones's first ground for relief is **denied**.

---

[2] The investigator wrote in the incident report that the white paper found in the mailing was produced by another inmate and given to Mr. Jones "to send out." Dkt. 12-4 at 2, § V. A sample of Mr. Jones's handwriting would therefore be irrelevant in any event.

### 2. Use of False Evidence

Mr. Jones next asserts that false evidence was used in the disciplinary hearing to convict him of the code violations. He asserts the contents of the confiscated mail constituted false evidence and formed the basis for his conviction. This ground for relief is without merit.

First, even the knowing use of false evidence in a prison disciplinary hearing is not alone a due process violation where other due process protections have been provided. *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999); *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984).

Second, Mr. Jones provides no independent evidence that the hearing evidence was false, instead relying solely on his argument. Dkt. 2 at 7-9. To determine whether the evidence was in any way false would require the Court to make an independent analysis of its content, which in context is a re-weighing of the evidence. This the Court cannot do. *Hill*, 472 U.S. at 455-56; *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying" a disciplinary decision.).

Third, and moreover, the code violation for using the mail for a criminal purpose was vacated and expunged by the Regional Director during Mr. Jones's administrative appeals. The issues surrounding the confiscated mailing are not before this Court. No habeas corpus relief can be granted on this ground for relief, and it is therefore **denied**.

### 3. Lack of Notice of the Charge Against Him.

The DHO's report finding Mr. Jones guilty of attempting to introduce contraband into the facility noted that Mr. Jones had participated in an Admission and Orientation (A&O) program in which he was advised of Bureau of Prisons rules and regulations. Dkt. 12-4 at 3, § V. It also noted that Mr. Jones had received a copy of an A&O handbook when he arrived at USP Tucson that

"further details prohibited acts." Mr. Jones contends that the A&O handbook includes a definition of Code 111 prohibiting the introduction of contraband into a BOP facility, but that it does not contain a definition of Code 111A, prohibiting the *attempted* introduction of contraband into a BOP facility. Dkt. 2 at 10. He reasons that because he was convicted of violating Code 111A, he was not given fair notice of the offense and, therefore, cannot be punished for its violation.

Mr. Jones was on fair notice that an attempt to commit a prohibited act would itself be prohibited. No rational person could believe that their attempts to violate a law or regulation would be permissible and they could escape consequences for their attempts. Carrying Mr. Jones's argument a step further is that if the offense of bringing narcotics into the penal facility was not contained in the A&O handbook, doing so would be permissible. This is an absurd construction. The prohibited conduct here was not an obscure matter of which a reasonable person would not know was prohibited such as, *e.g.*, hair length proscriptions or number of books allowed in a cell. This was attempted narcotics trafficking.

In *Rios v. Lane*, 812 F.2d 1032, 1038 (7th Cir. 1987), the court held that "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application" would violate due process. More recently, the court in *Toston v. Thurmer*, 689 F.3d 828, 832 (7th Cir. 2012), held that not giving "fair notice" of the prohibited acts would violate due process. In *Ard v. Hanks*, 67 F. App'x 946, 949 (7th Cir. 2003), the court held that "[d]ue process does not require specific notice of a rule prohibiting an act commonly known to be unlawful."

Mr. Jones was on fair notice that attempting to bring narcotics into USP Tucson was prohibited. This ground for relief is without merit and therefore **denied**.

#### 4. No Predicate Offense to Support the Conviction

Mr. Jones argues that because his conviction for improper use of the mail was vacated, no evidence remains to support his conviction on the attempt to introduce contraband conviction. Dkt. 2 at 10-11. This is a sufficiency of the evidence argument which, even assuming *arguendo* the premise underlying the argument as valid, fails.

The incident report indicates that investigators found numerous phone calls and emails, evidence separate from the confiscated mailing, that they connected to other inmates and to Mr. Jones. Dkt. 12-4 at 2, § V. Specifically, an email was found from Mr. Jones to someone informing them that "his chick" would be "getting in touch with her" and of the subject of the writings found in the confiscated emails.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added).

The Seventh Circuit has "characterized the 'some evidence' standard as a 'meager threshold.' . . . Once that threshold is crossed, we will not reverse." *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007)). There is no

constitutional requirement that certain evidence be introduced at a discipline hearing. Indeed, the staff reports alone may constitutionally support a disciplinary decision. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The evidence in the incident report has crossed this threshold.

Because the incident report contains "some evidence" that supports the DHO's decision to convict Mr. Jones of attempting to introduce contraband into the facility, this ground for relief is without merit and is **denied**.

### D. Conclusion

None of the arguments presented by Mr. Jones rises to the level of a due process violation. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding that entitles Mr. Jones to the relief he seeks. Accordingly, Mr. Jones's petition for a writ of habeas corpus challenging discipline imposed in Bureau of Prisons case number 3005729 is **denied** and this action is **dismissed with prejudice**. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 4/13/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Dennis Jones
56500-083
Coleman II U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1034
Coleman, FL 33521

Lara K. Langeneckert
United States Attorney's Office (Indianapolis)
lara.langeneckert@usdoj.gov